The CONTINENTAL INSURANCE CO., Plaintiff,

v.

CUMBERLAND TRUCKING CO., INC., and Astro Air Express, Inc., Defendants.

No. 87 C 5314.

United States District Court, N.D. Illinois, E.D.

Oct. 5, 1987.

John J. Cassidy, Jr., Brian F. Collins, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for plaintiff.

William J. Mullins, Ruberry, Phares, Abramson & Fox, Chicago, Ill., for defendants.

MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

The Continental Insurance Company ("Continental") brings this breach of contract action against Cumberland Trucking Company, Inc. and Astro Air Express, Inc. ("Astro/Cumberland" or "defendants"). Continental's one-count complaint alleges that defendants failed to pay premiums due under policy number CBP 103–02–66, issued on or about January 1, 1985.

Before the court are defendants' motions to reconsider the order setting a briefing

schedule on the motion for summary judgment and to stay the action due to the pendency of state court proceedings. Jurisdiction is pursuant to 28 U.S.C. § 1332 in that Continental is a New Hampshire corporation with its principal place of business in New York, defendants are Illinois corporations with their principal place of business in Elk Grove, Illinois, and the amount in controversy is greater than $10,000, exclusive of interests and costs.

## FACTS

On May 27, 1987, defendants in this lawsuit filed a state court action against Continental and Marsh and McLennan, Inc. ("M & M"), defendants' insurance broker. That action sought an accounting of premiums due under insurance policies CBP 103–02–66 and N2W 805–0512–87C, an injunction against cancelling those policies, and damages against Continental. Additionally, defendants claimed that M & M was negligent, breached its brokerage contract and fiduciary duty, and violated the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev.Stat. ch. 121½ ¶ 261 et seq. (Supp.1987).

An ex parte TRO was entered against Continental on the day the complaint was filed. After that, Continental filed an appearance, moved to quash the TRO, and began negotiating a settlement with Astro/Cumberland. In furtherance of the negotiations, documents were exchanged, Astro/Cumberland's payroll records were audited, and Astro/Cumberland paid $11,000 towards the premium allegedly due on one of the policies. The parties made such substantial progress toward settlement that the only issues remaining in the lawsuit concerned an accounting of premiums due under policy number CBP 103–02–66, which ran from 1985–87, and its predecessor policy, which ran from 1981–84. In addition, Continental and M & M filed an answer to the state court complaint, and Astro/Cumberland asked for production of certain documents. Astro/Cumberland had no indication that Continental was planning to institute a second suit.

Continental's federal complaint was filed on June 12, 1987, sixteen days after proceedings began in state court. Appearances were filed, and on the following day, Continental moved for summary judgment. This court set a briefing schedule, but Astro/Cumberland asked the court to reconsider its order setting the briefing schedule and address the motion to stay first. Consistent with that suggestion, this court has examined the motion to stay and finds it dispositive.

## DISCUSSION

Federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). Nevertheless, there are cases where "considerations of wise judicial administration, ... conservation of judicial resources, and comprehensive disposition of litigation" require abstention. *Id.* (citation omitted); *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983).

In *Lumen Construction, Inc. v. Brant Construction Company, Inc.*, 780 F.2d 691, 694–95 (7th Cir.1986), the Seventh Circuit reviewed the above cases and listed the factors a federal court must consider in determining whether to abstain: (1) the inconvenience of the federal forum; (2) whether the state court assumed jurisdiction over property; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the source of governing law; (6) whether the state court action could protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) whether the federal action is vexatious. While this is not a "mechanical checklist," a federal court must balance the relevant factors carefully with a presumption in favor of exercising jurisdiction. *Moses H. Cone Hospital, supra* at 16, 103 S.Ct. at 937.

329

That presumption has been adequately overcome in this case, as nearly every one of the factors weighs in favor of abstention. Although the fora are equally convenient and there is no property at issue, it is clear that these disputes would be more properly settled in one courthouse. Both actions concern the payment of premiums due under policy number CBP 103–02–66, thus parallel adjudications might lead to inconsistent judgments. The state court lawsuit was filed first, Illinois law applies because the contract was based in Illinois, and Continental's rights can be adequately protected. Perhaps most importantly, the state court suit has progressed considerably: cooperation has ensued, and issues have been narrowed. Although that suit is not substantially older than the federal action, this court cannot blind itself to what has been accomplished.

It is true that a summary judgment motion has been filed in this courthouse. The mere filing of papers, however, cannot be dispositive. That motion was filed on June 13, but was not noticed for the court's motion call until July 30. At that time, a briefing schedule was set which was due to end on September 10. The acceleration of events in state court, where the parties negotiated rather than serving memoranda, provides quite a contrast.

Of the remaining factors, one in particular adds significantly to the reasons for abstention. There is no reason why Continental, thoroughly enmeshed in settlement negotiations, should precipitously file suit on issues before another tribunal. In the absence of any justification for such action, this court can only conclude that Continental acted in bad faith. Finally, it is uncertain whether the state proceedings could be adjudicated in federal court, since the state court complaint does not list the place of incorporation and principal place of business for M & M, and the presence of M & M in the lawsuit could preclude diversity jurisdiction.

Accordingly, Astro/Cumberland's motion to reconsider the order setting a briefing schedule and its motion to stay the action pending the state proceedings are granted.